UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | | |
|---|---|---|
| CHARLES YERKEY and MELODY YERKEY, | ) | CASE NO. 1:22-cv-847 |
| | ) | |
| Plaintiffs, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| SORIN GROUP DEUTSCHLAND, GMBH (n/k/a LIVANOVA DEUTSCHLAND, GMBH); SORIN GROUP USA, INC. (n/k/a LIVANOVA USA, INC.); and SORIN CRM USA, INC.; CLEVELAND CLINIC FOUNDATION; CLEVELAND CLINIC FOUNDATION (d/b/a CLEVELAND CLINIC); CLEVELAND CLINIC – MAIN CAMPUS, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**TO:** United States District Court
Northern District of Ohio, Eastern Division (Cleveland)

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Sorin Group USA, Inc. (n/k/a LivaNova USA, Inc.) (hereinafter "LivaNova") submits this Notice of Removal from the Court of Common Pleas, Cuyahoga County, Ohio, in which the above-captioned matter is now pending, to the United States District Court for the Northern District of Ohio.[1]

In support of this Notice, LivaNova states as follows:

---

[1] LivaNova files this Notice of Removal on behalf of named Defendant Sorin Group USA, Inc. (n/k/a LivaNova USA, Inc.) only.

1

**PROCEDURAL HISTORY**

1. Plaintiffs Charles Yerkey and Melody Yerkey ("Plaintiffs") filed their Complaint in the Court of Common Pleas, Cuyahoga County, Ohio, on or about May 20, 2022. A copy of the Complaint filed in Ohio state court is attached hereto as **Exhibit A**.

2. This action involves product liability allegations regarding the Sorin Stöckert 3T Heater-Cooler Device ("3T System"). Plaintiffs allege that Mr. Yerkey underwent heart surgery in May 2017 at the Cleveland Clinic and that a 3T System was used during this surgery. *See* **Exhibit A**, at ¶¶ 10, 21. Plaintiffs allege that defects in the 3T System's design, manufacturing, and/or warnings caused Mr. Yerkey to be exposed to and infected with mycobacterium chimaera and that this infection caused him injury. *See* **Exhibit A**, at ¶¶ 38-56, 98-100, 117-19, 129, 134, 148.

3. Plaintiffs also purport to assert a negligence claim against the Cleveland Clinic Foundation relating to the use of the 3T System during Plaintiff's surgery. *See* **Exhibit A**, at ¶¶ 160-66.

4. No other pleadings and/or orders have been filed in Plaintiffs' Ohio state court action, nor has LivaNova received any such pleadings. A copy of the complete docket of Plaintiffs' Ohio state court action is attached to this Notice of Removal. *See* **Exhibit B**, Complete Docket for Plaintiff's Ohio State Court Action.

5. Upon information and belief, no pleadings or documents have been served on any named defendant in this action, including LivaNova.

6. As will be set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because (1) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332; (2) this Notice of Removal was filed

timely pursuant to 28 U.S.C. § 1446(b)(3); and (3) Defendants have satisfied the procedural requirements for removal.

**I.      THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332.**

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that (1) it is a civil action between citizens of different states, and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

   **A. Complete Diversity of Citizenship**

8.      There is complete diversity of citizenship between Plaintiffs, both of whom are citizens of Ohio, and the properly joined named defendants in this action.

9.      Plaintiff Charles Yerkey resides in the state of Ohio. *See* **Exhibit A**, at ¶ 1.

10.     Plaintiff Melody Yerkey resides in the state of Ohio. *See* **Exhibit A**, at ¶ 1.

11.     LivaNova USA is a Delaware corporation with a principal place of business in Houston, Texas.[2] *See* **Exhibit A**, at ¶ 3.

12.     Named Defendant LivaNova Deutschland GmbH (f/k/a Sorin Group Deutschland GmbH) ("LivaNova Deutschland") is a foreign company headquartered in Munich, Germany. *See* **Exhibit A**, at ¶ 2.

13.     Sorin CRM USA, Inc. was formerly a Delaware corporation with a principal place of business in Arvada Colorado.[3] *See* Plaintiffs' Complaint, **Exhibit A**, ¶ 4.

---

[2] Plaintiffs' Complaint suggests that LivaNova USA has a principal place of business in Arvada, Colorado. That is incorrect, and as indicated above, LivaNova USA's principal place of business is in Houston, Texas. However, to the extent Plaintiffs allege that LivaNova USA had its principal place of business in Arvada, Colorado, such assertion does not destroy complete diversity in this case.

[3] Sorin CRM USA, Inc. has merged with, into, and under the name of LivaNova USA, a named defendant in this action, and a Delaware Corporation with its principal place of business in

14. Therefore, for purposes of determining diversity, LivaNova USA is a citizen of Delaware and Texas, named defendant Sorin CRM USA, Inc. (now known as LivaNova USA) is a citizen of Delaware and Texas, and named defendant LivaNova Deutschland is a citizen of Germany. 28 U.S.C. § 1332(c)(1).

15. Plaintiff also purports to file suit against Cleveland Clinic Foundation, Cleveland Clinic Foundation (d/b/a Cleveland Clinic), and Cleveland Clinic – Main Campus (collectively referred to herein as the "Cleveland Clinic Defendants"), healthcare entities that, upon information and belief, are located in Cuyahoga County, Ohio. *See* **Exhibit A**, at ¶¶ 12-14.

16. However, and for the reasons that follow, the Cleveland Clinic Defendants have been fraudulently and improperly joined to defeat diversity jurisdiction. *See, e.g., Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("this Court has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds") (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

17. By virtue of the above, none of the properly joined named defendants are citizens of the state of Ohio, Plaintiff's sole alleged state of citizenship. *See* 28 U.S.C. § 1332. Accordingly, complete diversity exists between the parties.

   **1) The Cleveland Clinic Defendants Have Been Fraudulently Joined.**

18. The citizenship of the Cleveland Clinic Defendants should be disregarded because these entities have been fraudulently joined to this action against LivaNova.

---

Texas. To the extent that Plaintiffs allege that Sorin CRM USA, Inc. had its principal place of business in Arvada, Colorado, such assertion does not destroy complete diversity in this case.

19. When an action is removed based on diversity, the court determines whether complete diversity exists "at the time of removal." *Coyne*, 183 F.3d at 492; *see also Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (whether there exists complete diversity is assessed at the time that the notice of removal is filed).

20. In determining whether a defendant has been fraudulently joined, the Sixth Circuit measures whether the plaintiff has stated "a colorable cause of action." *King v. Centerpulse Orthopedics, Inc.*, 2006 WL 456478, at *2 (N.D. Ohio Feb. 24, 2006) (citing *Jerome-Duncan*, 176 F.3d at 907). Here, it is clear on the face of the Complaint that there is no "colorable cause of action" against the Cleveland Clinic Defendants.

21. Indeed, Plaintiffs have failed to state a claim against the Cleveland Clinic Defendants because their claims are time-barred under Ohio law, which applies a one-year statute of limitation to medical negligence claims like the ones Plaintiffs are asserting against the Cleveland Clinic Defendants. Plaintiffs therefore have "no colorable basis to recover" against Cleveland Clinic such that they have fraudulently joined Cleveland Clinic in this action. Cleveland Clinic's citizenship should thus be disregarded.

    a. **Plaintiffs' Negligence Claims Against the Cleveland Clinic Defendants Are In Fact Medical Negligence Claims.**

22. Plaintiffs characterize their claims against the Cleveland Clinic Defendants as mere negligence claims. *See* **Ex. A**, at ¶¶ 160-66. In reality, however, Plaintiffs allege *medical* negligence claims against the Cleveland Clinic Defendants, who are part of a hospital system— they allege that Mr. Yerkey was treated for and received care by the Cleveland Clinic Defendants for an open-heart surgery that used a 3T System (**Ex. A** at ¶¶ 160-66) and that the infection Mr. Yerkey allegedly sustained was derived from "Cleveland Clinic fail[ing] to properly maintain,

5

clean and disinfect the Sorin HCD," which was allegedly used as part of Mr. Yerkey's medical care and open heart surgery (*id*. at ¶ 162).

23. Ohio Revised Code 2305.113(E)(3) defines "medical claim" as "any claim that is asserted in any civil action against a…hospital…and that arises out of the medical diagnosis, care, or treatment of any person." Such claims include "derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person." *Id*.

24. Thus, to the extent that Plaintiffs attempt to argue that they are not bringing medical claims against the Cleveland Clinic Defendants but rather claims for the Cleveland Clinic Defendants' alleged negligent conduct with respect to the 3T System used in Mr. Yerkey's surgery, such attempts are unavailing and are tellingly designed to avoid application of the statute of limitations, and the removal of this action.

25. Indeed, Plaintiffs' characterization of their claims against the Cleveland Clinic Defendants as mere negligence claims—rather than medical negligence claims—have no basis in Ohio law. In a similar recent Ohio state court case against LivaNova and different hospital defendants, the court rejected the plaintiff's characterization of her claims against the hospital defendants as something other than medical negligence claims, and granted the hospital defendants' motion to dismiss based upon the statute of limitations. *See generally* **Ex. C**, Ohio State Court Order Granting Dismissal of Hospital Defendants in *Napier v. LivaNova Deutschland et al.,* Case No. A2102427, Hamilton County Court of Common Pleas, Ohio. In that case, the plaintiff argued her negligent "exposure to bacteria" claims against the hospital were not, in reality, medical claims, and that such claims therefore were not subject to the time limitations imposed on medical claims under Ohio law. *See id.* The Ohio state court disagreed and held that under Ohio law, the plaintiff's negligence claims were ***in fact "medical claims"***

6

because "the equipment provided by the hospital, specifically the heater-cooler unit used in the surgical suite, was ***incidental to the medical care and treatment*** of [plaintiff decedent]." *See id.* at 3.

26. The Ohio Supreme Court reached a similar conclusion in *Rome v. Flower Memorial Hospital*. 635 N.E.2d 1239 (Ohio 1994). There, the Ohio Supreme Court held that a plaintiff's negligence claims were, in fact, medical claims because they arose out of the hospital's medical care and treatment of the plaintiff. *Id*. The court concluded that the hospital's use of particular equipment was "ancillary to and an inherently necessary part" of the procedure being conducted to alleviate the patient's medical complaints. *Id*. at 1242. The court also noted that the plaintiff's claims were medical in nature because the plaintiff was a patient at the hospital, had been assisted by hospital employees, and the hospital employees were "required to exercise a certain amount of professional expertise" in preparing for and using the hospital equipment. *Id*

27. Applying the principles articulated by the Ohio courts in *Napier* and *Rome*, Plaintiffs' claims against the Cleveland Clinic Defendants in this action are clearly medical negligence claims. Indeed, as demonstrated by Plaintiffs' own allegations, their claims against the Cleveland Clinic Defendants implicate "equipment provided by the hospital" that was allegedly used by the Cleveland Clinic Defendants in rendering medical care and treatment to Mr. Yerkey during his 2017 surgery. **Ex. C**, at 3; *see also* **Ex. A**, at ¶ 77 ("Charles Yerkey contracted a disseminated NTM infection from a contaminated Sorin HCD during his heart surgery at Cleveland Clinic."); *see also Rome*, 635 N.E.2d at 1241-42.

28. Moreover, Plaintiffs attached an Affidavit of Merit to the end of their Complaint which, even if assumed true, contradicts their characterization of their claims against the

Cleveland Clinic Defendants as mere negligence claims. Ohio Civil Rule 10(D)(2) requires that every Complaint containing medical claims as defined in R.C. 2305.113 be accompanied by an affidavit of merit. The affidavit must be from an expert witness qualified under Ohio Evidence Rule 601(D) and 702 and must include statements that the affiant: 1) "has reviewed all medical records reasonably available," 2) is familiar with the applicable standard of care," and 3) is of the opinion that the defendants breached the standard of care and caused the plaintiff's injury. Ohio Civ. R. 10(D)(2). Plaintiffs' Affidavit of Merit of Matthew Warhoover makes statements addressing each of these three procedural requirements. *Compare* Ohio Civ. R. 10(D)(2) *with* **Ex. A**, at Affidavit of Merit. Thus, by the very materials Plaintiffs attached to their Complaint, their claims against the Cleveland Clinic Defendants are being treated as medical negligence claims.

      **b. Plaintiff's Claims Against the Cleveland Clinic Defendants Are Time-Barred.**

29. Ohio Revised Code Section 2305.113(A) imposes a one-year statute of limitation on medical negligence claims like the ones Plaintiffs assert against the Cleveland Clinic Defendants. *See* R.C. § 2305.113(A) ("Any action upon a medical claim *shall* be commenced within one year after the cause of action accrued.") (emphasis added). Plaintiffs brings their medical claims against the Cleveland Clinic Defendants outside of the one-year statute of limitations imposed by Ohio statute.

30. Indeed, Plaintiffs allege that Mr. Yerkey's surgery occurred on May 15, 2017. Thus, as early as May 15, 2018, Plaintiffs' one-year limitations period to file their medical claims against the Cleveland Clinic Defendants had expired. Plaintiffs did not file this action until May 20, 2022, over four years after the statute of limitations expired, and over two and a half years after Mr. Yerkey was allegedly diagnosed with the mycobacterium chimaera infection

8

he alleges to have caused his injuries. *See generally* **Ex. A**; *id.* at ¶ 55 ("On November 6, 2019, Mr. Yerkey underwent further evaluation…where it was documented that he was suffering from 'mycobacterium chimaera infection associated with extracorporeal equipment.'").

31. On May 4, 2021, the parties entered into a tolling agreement which temporarily tolled the statute of limitations for Plaintiffs' claims beginning on that date. *See* **Ex. D**, Tolling Agreement. However, the Tolling Agreement expressly states that it "shall not revive existing claims, if any, that have expired under the applicable statute of limitations prior to the commencement of the Tolling Period." *Id.* at ¶ 3. Here, Plaintiffs' medical negligence claims expired *at the latest* on November 6, 2020—one year after Plaintiffs acknowledge "it was documented that [Plaintiff]was suffering from 'mycobacterium chimaera infection associated with extracorporeal equipment.'" **Ex. A** at ¶ 55. Accordingly, Plaintiffs' medical negligence claims were expired at least six months before the Tolling Agreement commenced.

32. Because Plaintiffs' claims against Cleveland Clinic are time-barred under Ohio law, such claims are insufficient to preclude diversity jurisdiction in this action.

33. By virtue of the above, Plaintiffs have no colorable cause of action against the Cleveland Clinic Defendants and has fraudulently joined these defendants in this action. Accordingly, the citizenship of the Cleveland Clinic Defendants should be disregarded for purposes of determining diversity. *King*, 2006 WL 456478, at *5. Because none of the named and properly joined defendants are citizens of the state of Ohio, complete diversity exists between the parties. 28 U.S.C. § 1332.

B. **Amount in Controversy**

34. Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. This assertion is well-founded and made in good faith in light of the allegations in Plaintiffs' Complaint.

35. Plaintiffs' Complaint alleges that Mr. Yerkey underwent an open-heart procedure on May 15, 2017 and that a 3T System was used during this surgery. Plaintiffs allege that this caused Mr. Yerkey to be exposed to and infected with a mycobacterium chimaera infection and that such infection required him to undergo a second open-heart surgery to replace a contaminated heart valve. *See* **Ex. A**, at ¶¶ 10, 21, 38-56.

36. Plaintiffs' Complaint alleges that Mr. Yerkey has suffered "permanent and significant injuries including but not limited to, disseminated and chronic mycobacterium infection requiring long-term use of toxic antibiotics, multi-organ system injuries secondary to disseminated m. chimaera infection, bone marrow infection, persistent and active m. chimaera infection in his eyes, multiple lung nodules, leukocytopenia, atelectasis, fluid overload, permanent kidney injury, and emotional distress/harm." *See* **Exhibit A**, at ¶ 56. They also allege that these "multiple injuries and damages" have "left him disabled, unable to perform his avocation, and have caused substantial pain, suffering, and loss of life's pleasures." *Id*. at ¶ 82; *see also id*. at 38-56. Moreover, Plaintiffs allege that Mr. Yerkey has been "catastrophically injured and sustained severe pain, suffering, disability and also incurred expenses for medical care and treatment." *Id*. at ¶ 100.

37. Plaintiffs' Complaint further alleges that they are entitled to various forms of damages. Specifically, Plaintiffs allege that they are entitled to damages because Mr. Yerkey has alleged been "catastrophically injured and sustained severe pain, suffering, disability." *Id*. at ¶

10

100. They also allege that they are entitled to damages for Mr. Yerkey's "medical care and treatment" and that Ms. Yerkey is entitled to loss of consortium damages for "depriv[ation] of services, society and conjugal fellowship of her husband." *Id.*; *id.* at ¶ 170.

38. Plaintiffs additionally allege that they are entitled to punitive damages. *See id.* at ¶ 167. Courts have consistently held that "punitive damages can count toward the amount in controversy," including in cases where plaintiffs seek punitive damages for a tort claim under Ohio law. *Fraley v. State Farm Mut. Auto Ins. Co.*, 2013 WL 4679954, at *2 (N.D. Ohio Aug. 30, 2013).

39. The seriousness and permanent nature of the alleged injuries in the Complaint places more than $75,000 in controversy. *Lucas v. Springhill Hosp., Inc.*, 2009 WL 1652155, at *3 (N.D. Ohio, June 11, 2009) (holding that damages sought for multiple surgeries, extensive rehabilitation, severe pain, mental anguish, emotional pain and suffering, medical expenses, and other "permanent" injuries made it "more likely than not that recovery will exceed $75,000.") medical expenses, pain and suffering, mental anguish, and lost earnings "appear to make a recovery in excess of $75,000 more likely than not."); *Paige v. Home Depot U.S.A., Inc.*, 2018 WL 3037381, at *1-2 (N.D. Ohio June 19, 2018) (holding that "[l]ooking at Plaintiff's own complaint…it is more likely than not that the amount in controversy requirement is met in this case" where the plaintiff alleged "medical costs and expenses," "costs associated with physical and mental pain and suffering," "inconvenience," and "lost earnings and wages").

40. By virtue of these allegations of injury, Plaintiffs are seeking damages in excess of the sum or value of $75,000, exclusive of interest and costs, which meets the jurisdictional requirement of this Court. See 28 U.S.C. § 1332(a).

41. Accordingly, for all of the above stated reasons, there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and

11

costs. Therefore, this Court has subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332.

**II.     THIS NOTICE OF REMOVAL IS TIMELY PURSUANT TO 28 U.S.C. § 1446(b)(3).**

42.     Upon information and belief, none of the named defendants, including LivaNova, have been served, and therefore, the thirty-day timeline for removal has not yet started. *See Hunter v. Am. Exp. Travel Related Serv.,* 643 F. Supp. 168, 170 (S.D. Miss. 1986) ("service of process is a prerequisite to the commencement of the removal period.").

43.     Nonetheless, this Notice of Removal is filed within thirty days of the filing of the Complaint and LivaNova's receipt of a copy of the Complaint.

44.     For these reasons, this Notice of Removal is timely.

**III.    DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

45.     As discussed herein, this Court has subject matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a).

46.     Venue is proper pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Ohio, Eastern Division is the federal district for the district embracing the place where the state court suit is pending, namely the Court of Common Pleas, Cuyahoga County, Ohio.

47.     The thirty-day period for removal has not started because none of the named defendants have been served with the Complaint. LivaNova's Notice of Removal is therefore timely.

48. Upon information and belief, LivaNova Deutschland the only other named and properly joined defendant in this action, has not been served with process in accordance with the Hague Convention. LivaNova Deutschland has therefore not been properly served.

49. LivaNova Deutschland need not consent to removal because it has not been properly served. And the Cleveland Clinic Defendants need not consent to removal because they have not been properly joined to the action inasmuch as, upon information and belief, they have not been served with the Complaint and Summons, and because they have been fraudulently joined. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a) [28 USCS § 1441(a)], all defendants *who have been properly joined and served* must join in or consent to the removal of the action." (emphasis added)); *see also Kralj v. Byers*, 2006 WL 8449912, at *2 (N.D. Ohio Apr. 5, 2006) ("The general rule that all defendants join or consent to the removal does not apply when the non-joining defendant has not been served at the time the notice of removal is filed"); *Klein v. Manor Healthcare Corp.*, 1994 WL 91786, at *3 n.8 (6th Cir. Mar. 22, 1994) (noting that a defendant need not consent to removal when "the non-joining defendant has not been served with service of process at the time the removal petition is filed.").

50. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through her attorneys of record, and is also being filed with the clerk of the Court of Common Pleas, Cuyahoga County, Ohio.

WHEREFORE, Defendant LivaNova USA, Inc. files this Notice of Removal so that the entire state court action under Case No. CV 22 963729 now pending in the Court of Common Pleas, Cuyahoga County, Ohio, be removed to this court for all further proceedings.

Dated: May 20, 2022

*/s/ Erin L. McCann*
Erin L. McCann (OH # 0077946)
**FAEGRE DRINKER BIDDLE & REATH LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: erin.mccann@faegredrinker.com

***Attorneys for Defendant Sorin Group USA, Inc. (n/k/a LivaNova USA, Inc.)***

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2022, I transmitted the attached document to the following by United States mail:

William Hawal
Dennis R. Lansdowne
SPANGENBERGER SHIBLEY & LIBER LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114

Michael F. Barrett
Joseph G. Deangelo
BARRETT DEANGELO, LLC
380 Beagle Road
West Chester, PA 19382

*Counsel for Plaintiffs*


Edward E. Taber
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213

*Counsel for Defendants Cleveland Clinic Foundation, Cleveland Clinic Foundation (d/b/a Cleveland Clinic), and Cleveland Clinic—Main Campus*

                          **FAEGRE DRINKER BIDDLE & REATH LLP**

                          */s/ Erin L. McCann*
                          Erin L. McCann (OH # 0077946)